**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------
SHADAYAH PEARSON,

         Plaintiff,

  v.               No. 1:15-CV-545
                    (BKS/CFH)
CHIPOTLE MEXICAN GRILL,

         Defendant.
-------------------------------------------------------------

**APPEARANCES:**        **OF COUNSEL:**

SHADAYAH PEARSON
Plaintiff Pro Se
125 River Street, 4-9B
Troy, New York 12180

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

On May 1, 2015, pro se plaintiff Shadayah Pearson filed a complaint pursuant to 42 U.S.C. § 1983. Dkt. No. 1. Plaintiff has not paid the filing fee and instead seeks permission to proceed with this matter in forma pauperis ("IFP"). Dkt. No. 2.

Although not entirely clear from the complaint, plaintiff appears to allege that defendants, Chipotle Mexican Grill of Colorado ("Chipotle") and district manager Houman Iskandani ("Iskandani"), discriminated against her on the basis of her pregnancy and terminated her in retaliation for her complaints of sexual harassment. Dkt. No. 1, at 2-4.

### I. **IFP**

Turning to plaintiff's IFP application, after reviewing the information provided therein,

the Court finds that plaintiff may properly proceed with this matter IFP.[1]

## II. Initial Review[2]

### A. Legal Standard

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain her complaint before permitting her to proceed with her action.

### B. Complaint

Plaintiff states that she told her manager that she "was pregnant and that [she] did not like the way 1 of the managers was coming on to [her]," that the manager promised to investigate, and that she was fired two to three weeks after she made her complaint. Dkt. No. 1, at 3. Her complaint further contends that, after reaching out to "corporate" regarding the reason for her termination, Iskandani offered to hire her at another Chipotle location; however, she was then six-months pregnant, high risk, and unable to work. Id. at 3. Plaintiff contacted Iskandani in 2014, looking to be rehired, and Iskandani informed her that

---

[1] Plaintiff is reminded that, although her IFP application has been granted, she is still required to pay any fees she may incur in this action, including copying and/or witness fees.

[2] Any unpublished decisions cited to within this Report-Recommendation and Order are attached.

2

she was not "rehirable" and has since been giving her negative reviews to potential employers. Id. at 3. For a more complete statement of the alleged facts, reference is made to the complaint.

### i. **Claims under 42 § U.S.C. 1983**

Plaintiff brings this action for employment discrimination pursuant to 42 § U.S.C. 1983. She submitted her complaint on a 42 § U.S.C. 1983 pro forma complaint. Although "sex-based discrimination may be actionable under § 1983 as a violation of equal protection," Meadors v. Ulster County, 984 F. Supp. 2d 83, 102 (N.D.N.Y. 2012) (quoting Demoret v. Zegerelli, 451 F.3d 140, 149 (2d Cir. 2006)), section 1983 claims apply only to "person[s] acting under the color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)(citation omitted); see also Tancredi v. Metro. Life Ins. Co., 316 F.3d 308, 312 (2d Cir. 2003) ("A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action.") (citations omitted). Here, plaintiff claims the discriminatory conduct was precipitated by private parties, Chipotle and its district manager, Iskandani. "As the Supreme Court has held, 'the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" Agustus v. AHRC Nassau, 13-CV-6227 (PKC), 2013 WL 6173782, at *2 (E.D.N.Y. Nov. 13, 2013) (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1982) (additional citations omitted). Plaintiff fails to allege any facts plausibly suggesting a nexus between defendants and any state action, thus warranting dismissal of her Section 1983 claims for failure to state a cause of action.

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a

3

claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Here, keeping in mind plaintiff's pro se status and this Circuit's guidance to liberally construe pro se submissions, Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)), it appears to the undersigned that plaintiff intended to bring her claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. See Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."). Accordingly, the undersigned will perform the section 1915(e) review of plaintiff's complaint as if it were properly brought under Title VII.

### C. **Title VII**

As noted, the statute under which plaintiff's apparent claims for employment discrimination arise appears to be Title VII, specifically Title VII, Section 703(a)(1) and (2), as amended by section 701(k), insofar as the complaint raises pregnancy discrimination claims. 42 U.S.C. § 2000-2(a)(1),(2).

#### 1. **Claims against Defendant Iskandani**

Plaintiff's complaint names district manager Iskandani as a defendant in this action. It

4

is well settled that individual liability does not lie under Title VII. <u>Tomka v. Seiler Corp.</u>, 66 F.3d 1295, 1317 (2d Cir. 1995) ("[W]e hold that an employer's agent may not be held individually liable under Title VII."), <u>abrogated on other grounds by</u> <u>Burlington Indus. Inc. v. Ellerth</u>, 524 U.S. 742 (1998); <u>see</u> also <u>Wrighten v. Glowski</u>, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam). Thus, the Court has no subject matter jurisdiction as it relates to plaintiff's complaint against Iskandani . Accordingly, it is recommended that defendant Iskandani be dismissed from this action.

### III. **Conclusion**

Mindful of the Second Circuit's instruction that a court must construe a <u>pro se</u> plaintiff's pleadings liberally, <u>see</u>, <u>e.g.</u>, <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008), it is recommended that the remainder of the complaint proceed. In so recommending, the undersigned expresses no opinion as to whether plaintiff's claims can withstand a properly filed motion to dismiss or for summary judgment.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP application (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED** that pursuant to the Court's review under 28 U.S.C. § 1915 and § 1915A, all claims against defendant Iskandani be **DISMISSED**, with prejudice, for failure to state a claim; and it is further

**RECOMMENDED** that, in light of plaintiff's <u>pro se</u> status, all claims brought against defendant Chipotle under 42 U.S.C. § 1983 be **DISMISSED** with prejudice in accordance

5

with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b), and such claims be construed as properly brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq; and it is

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. § 636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Date:  May 7, 2015
       Albany, New York

*Christian F. Hummel* (signature)
Christian F. Hummel
U.S. Magistrate Judge

6